IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JACINTO GUZMAN SANTOS, JR., <br> Institutional ID No. 02016646, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL WELTY, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. 5:20-CV-205-BQ <br> § <br> § <br> § <br> § <br> § <br> § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Proceeding pro se, Jacinto Guzman Santos Jr. filed this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with an arrest and subsequent criminal trial. Compl. 3–7, ECF No. 1.[1] Santos asks the Court to "review all evidence" supporting his conviction, order his immediate release, "hold all the defendants . . . accountable," and award monetary damages. *Id.* at 6; Questionnaire 19, ECF No. 15.

Santos filed his Complaint on August 27, 2020. ECF No. 1. The United States District Judge transferred this case to the undersigned United States Magistrate Judge for screening under 28 U.S.C. § 1915A. ECF No. 4. The undersigned thereafter reviewed Santos's Complaint, along with authenticated records provided by Lubbock County and the City of Lubbock, and ordered Santos to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), which he completed and returned.[2] ECF Nos. 13, 14, 15, 16.

---

[1] Page citations to Santos's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

[2] Santos initially failed to return the Court's questionnaire, but upon the Court's second order requiring his response, he returned it completed (once by mail and once by fax). *See* ECF Nos. 13, 14, 15. Accordingly, the Court considers his responses.

Not all parties have consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned makes the following findings, conclusions, and recommendations to the United States District Judge.

## I. Standard of Review

A court must dismiss a complaint filed by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements

of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Discussion

### A. Santos's Claims

Santos's Complaint identifies the following Defendants: Lubbock Police Department (PD); Officer Michael Welty; Corporal Brandon Coulter; Officer Daniel Williams; Officer Martha Castillo; Sergeant Phil Caroland; Deputy Brandon Crockett; Lieutenant Christopher Daniels; motel manager Hiral Patel; defense attorney Michael King; and Senior United States District Judge Sam R. Cummings. Compl. 1, 3–5. Santos alleges Defendants falsified and forged government documents; harassed him and discriminated against him; conducted an illegal search and an unlawful seizure; "cut off" body camera footage; failed to write a police report; invaded his privacy; fabricated evidence; failed to provide constitutionally adequate assistance of counsel; and violated his right to a fair trial. *Id.*

Santos contends that on September 12, 2018, he "was at a friends [sic] motel room" when Defendants Coulter, Caroland, Crockett, and Daniels "forced [e]ntry into the motel room by cutting chain lock on the door," "never knocked on the door," and "cut off" their body cameras. *Id.* at 3–4, 6. He claims Defendant Caroland seized his phone and searched the room while Defendant Coulter searched Santos's vehicle with his canine. *Id.* at 6; Questionnaire 9. Santos complains that the hotel manager, Defendant Hiral, "provided a master key to the officers without a search warrant or consent of the room owner"; however, he acknowledges that he had an outstanding warrant for a parole violation. Compl. 7; Questionnaire 17. According to Santos,

3

"[a]fter forcing entry into the room the officers cut off there [sic] Body Cameras and conducted a search," and only then did they "apply for a search warrant." Compl. 7. Santos asserts that "the signatures of Daniel Williams and Martha Castillo are the exact same writing and pen," meaning that "the signatures were indeed forged on the search warrant affadavit [sic]." *Id.* He avers that Defendant Welty forged the signatures. *Id.* at 3, 7. Santos further claims his family hired a handwriting expert to testify to this, but that his attorney, Defendant King, did not subpoena the expert. *Id.* He explains that "[t]he day of trial [he] had to stand up [himself] and ask for a continueance [sic] due to the expert witness not in trial," but Judge Cummings "denied [his] rights to a fair trial by not allowing" the testimony. *Id.*; Questionnaire 17–18.

Santos also alleges that Defendant Welty racially profiled him "because [he is] Hispanic" and thereby harassed him because "this is not the first incident that [Defendant Welty] has illegally searched [his] properties." Questionnaire 2–3. As to Defendant Coulter, Santos complains that he failed to write a police report which, in Santos's view, "shows that [Coulter] was covering up his illegal activities, so that they would not be documented." *Id.* at 7. Further, Santos contends that Defendant Crockett fabricated evidence because "[a]ccording to video footage from [the motel] it showed [Defendant Crockett] moving evidence that were [sic] located in the car, upstairs to the hotel room [sic]." *Id.* at 15.

A federal jury convicted Santos on one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).[3] Santos represents that he has appealed the conviction, and the case is still pending before the United States Court of Appeals for the Fifth Circuit. *Id.* at 19.

---

[3] According to authenticated records, the underlying arrest gave rise to both state and federal criminal charges; however, Santos only refers to the federal trial proceedings and subsequent appeal. *See* Questionnaire 18–19.

### B. Santos's requests for relief in the form of release from custody and the dismissal of his criminal charges are not available remedies under 42 U.S.C. § 1983.

To the extent Santos seeks release from custody and dismissal of his criminal charges (*see id.*), a § 1983 action is not the appropriate means for obtaining such relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (noting "§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures," while "[a] habeas petition . . . is the proper vehicle to seek release from custody"); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) ("The core issue in determining whether a prisoner must initially pursue relief through habeas corpus rather than a civil rights action is the same whether the prisoner is in state or federal custody: Does he challenge the 'fact or duration' of his confinement or merely rules, customs, and procedures affecting 'conditions' of confinement?"); *Whitfield v. Bd. of Pardons & Paroles*, No. 3:11–CV–2037–N–BH, 2011 WL 5986013, at *2 (N.D. Tex. Sept. 14, 2011) (citing *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)) ("A prisoner cannot challenge the fact or duration of confinement in a § 1983 action."), *R. & R. adopted by* 2011 WL 5980038 (N.D. Tex. Nov. 30, 2011); *Lewis v. Meier*, No. 3:01–CV–1574–R, 2002 WL 31156668, at *2 (N.D. Tex. Sept. 24, 2002) (finding that plaintiff's request for release from jail was "an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983"). Thus, the undersigned recommends that the district judge dismiss Santos's claims to the extent he seeks release from custody and the dismissal of his criminal charges.[4]

---

[4] At the time Santos filed his Complaint, he was at the Texas Department of Criminal Justice (TDCJ) Jim Rudd Unit. *See* Compl. 1, 3. He has since informed the Court that he has been transferred to the Eden Detention Center and is therefore in the custody of the United States Immigration and Customs Enforcement (ICE). *See* ECF No. 9. The

### C. Santos names defendants not amenable to suit.

Santos attempts to assert claims against parties not amenable to suit under § 1983, including Senior United States District Judge Sam R. Cummings, the Lubbock PD, Attorney King, and Motel Manager Patel. Compl. 1, 3–5.

Judge Cummings enjoys absolute judicial immunity for actions taken during the exercise of his duties as trial judge. *See Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) ("A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role."). Accordingly, Santos's claim against Judge Cummings, i.e., failing to allow purported expert witness testimony, should be dismissed.[5] *See Haney v. Schwab*, CIVIL ACTION NO. 19-10620, 2019 WL 6330795, at *2 (E.D. La. Nov. 5, 2019) (dismissing as frivolous claims against state district judge because he was entitled to judicial immunity), *R. & R. adopted by* 2019 WL 6330167 (E.D. La. Nov. 26, 2019); *Epps v. City of Dall. Police Dept*, Civil Action No. 3:15-CV-3881-L, 2016 WL 1642946, at *1 (N.D. Tex. Apr. 26, 2016) (dismissing at screening claim against state judge because she possessed absolutely immunity under § 1983); *Bagby v. Staples*, CV No. 5:13–cv–1092–DAE, 2014 WL 7005587, at *6 (W.D. Tex. Dec. 10, 2014) (concluding United States District Judge was "immune from suit under the doctrine of judicial immunity").

---

Court is unclear as to Santos's actual custody status, given the fact the trial court imposed a sentence of 293 months on June 14, 2019 (*see United States v. Santos*, 5:18-cr-00113-C-BQ-1, ECF No. 94); however, to the extent Santos is no longer considered in BOP or TDCJ custody, his request for "[i]mmediate release from incarceration" is moot and should be denied on this basis as well. *See McGraw v. United States*, No. 3:18-CV-2746-B-BH, 2020 WL 4195959, at *2 (N.D. Tex. July 6, 2020) ("A challenge to the imposition and duration of confinement . . . becomes moot when the petitioner is released from custody."), *R. & R. adopted by* 2020 WL 4192652 (N.D. Tex. July 21, 2020).

[5] Moreover, even if Judge Cummings were not entitled to judicial immunity, Santos's claim against him would still be subject to dismissal because, as a federal judge, Judge Cummings is not a state actor. *See Holland v. Yeakel*, A-18-CV-259-RP, 2018 WL 1586707, at *2 (W.D. Tex. Apr. 2, 2018) ("This lawsuit should also be dismissed because § 1983 only applies to *state* actors acting under color of state laws. Because [the United States District Judge] is a federal official and not a state actor, he is not a proper party under § 1983.").

To the extent Santos attempts to recover damages from the Lubbock PD, he similarly fails to state a claim upon which relief may be granted because the police department is not suable. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, Civil Action No. 3:07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases); *accord Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)) ("In Texas, county sheriff's and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'"). Santos has pleaded no facts demonstrating that the Lubbock PD, as a police department, is a separate jural entity subject to suit. *See, e.g., Darby*, 939 F.2d at 313 (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)) (explaining that a political subdivision such as a police department only has the capacity to be sued if it "enjoy[s] a separate legal existence"); *Gibson v. Dall. Cnty. Jail Sys.*, Civil Action No. 3:07–CV–0490–L, 2007 WL 1576264, at *2 (N.D. Tex. May 31, 2007) (holding the Dallas County Jail and its medical department are not separate legal entities with jural authority); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) (dismissing plaintiff's claims against the Houston Police Department because it "lacks legal existence and the capacity to be sued"). In addition, the Lubbock PD is not liable for the actions of its employees because 42 U.S.C. § 1983 does not impose vicarious liability. *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). Because Santos has alleged no facts demonstrating that the Lubbock PD possesses the capacity to be sued, established law requires dismissal of this claim, even if Santos could plead underlying constitutional violations.

As to Santos's § 1983 claim against his criminal defense lawyer, Attorney King, Santos must show that his actions are "fairly attributable to the State." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); *accord Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Criminal defense attorneys, whether privately retained or publicly appointed, are not state actors. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Small v. Dallas Cnty.*, 170 F. App'x 943, 944 (5th Cir. 2006) ("[Plaintiff's] claim against [defendant] is not cognizable under § 1983 because a defense attorney in a criminal proceeding is not a state actor."); *Segue v. Carollo*, Civil Action No. 14–2842, 2015 WL 2089759, at *4 (E.D. La. Apr. 30, 2015) ("The law is clear that under no circumstances can . . . a private attorney who represented or was retained to represent [plaintiff] in his criminal case . . . be considered a state actor for Section 1983 purposes as a matter of law."). Because Santos's defense attorney is not a state actor, the undersigned recommends that the district judge dismiss Santos's claim against him.

Similarly, Santos pleads no facts suggesting that Motel Manager Patel's actions are "fairly attributable to the State," and the district judge should also dismiss the claim against this Defendant. *See West*, 487 U.S. at 49; *Roque v. Jazz Casino Co. LLC*, 388 F. App'x 402, 404 (5th Cir. 2010) (per curiam) (providing that hotel and its employee supervisor were not state actors under § 1983); *Luebkeman v. Woodsprings Inn & Suites Hotel*, CIVIL ACTION NO. 20-1444, 2020 WL 8085173, at *2 (W.D. La. Dec. 17, 2020) ("Plaintiff faults Woodsprings Inn and Suites Hotel . . . [b]ut Defendant is, manifestly, a private actor . . . ."), *R. & R. adopted by* 2021 WL 67210 (W.D. La. Jan. 7, 2021); *Yaeger v. Lively*, Case No. 8:18-cv-2474-T-35TGW, 2018 WL 10582187, at *1 (M.D. Fla. Nov. 20, 2018) ("[Plaintiff] cannot pursue a civil rights claim against either [the

motel] or . . . the motel manager . . . [for violating his Fourth Amendment rights based on a warrantless search] because they are not state actors who acted under the color of state law."); *see also Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 773 (N.D. Tex. 2014) ("A private party will be considered a state actor for § 1983 purposes only in rare circumstances.").

For these reasons the undersigned recommends that the United States District Judge dismiss Santos's claims against Senior United States District Judge Sam R. Cummings, the Lubbock PD, Attorney King, and Motel Manager Patel.

### D. Santos's challenge to his criminal conviction does not give rise to a viable § 1983 claim.

Santos also attempts to attack the validity of his criminal conviction. As set forth above, Santos bases his challenge on allegations that: (1) Defendants Coulter, Caroland, Crockett, and Daniels conducted an illegal search and "cut off" their body cameras; (2) Defendant Welty forged the signatures of Defendants Williams and Castillo on the search warrant affidavit; (3) Defendant Caroland seized his phone, which was later used as evidence; (4) Defendant Welty racially profiled and harassed him; (5) Defendant Coulter failed to write a police report; and (6) Defendant Crockett fabricated evidence—all of which led to his criminal conviction. *See* Questionnaire 1–17. Santos concedes that his conviction has not yet been reversed, invalidated, or otherwise dismissed.[6] *See id.* at 19.

In *Heck v. Humphrey*, the United States Supreme Court held that a plaintiff seeking to recover damages for harm "caused by actions whose unlawfulness would render a conviction or sentence invalid" must first prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

---

[6] *See generally United States v. Santos*, Case No. 19-10683 (5th Cir. appeal filed June 18, 2019).

9

512 U.S. 477, 486–87 (1994). Where a favorable judgment in the civil rights action would "necessarily imply the invalidity of [a prisoner's] conviction or sentence" in his criminal case, the civil claim is barred unless the criminal conviction has been reversed or otherwise declared invalid. *Id.* In addition to actions for monetary damages, courts have subsequently applied the "*Heck* bar" to prisoners' claims for injunctive and declaratory relief. *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that whether a plaintiff's claims are "for damages, declaratory judgment, or injunctive relief," they are not cognizable under § 1983 until plaintiff's conviction is overturned or otherwise declared invalid).

Initially, the Court expresses doubt as to whether Santos possesses an independent constitutional right that requires arresting police officers to file a police report or wear and use body cameras. *See Etienne v. EBR-COA*, CIVIL ACTION NO. 17-445-SDD-RLB, 2018 WL 2124890, at *3 (M.D. La. Apr. 17, 2018) ("Failure to file a police report, even by the police, is not a constitutional violation."), *R. & R. adopted by* 2018 WL 2125943 (M.D. La. May 7, 2018); *Correia v. Town of Framingham*, 969 F. Supp. 2d 89, 98 (D. Mass. 2013) (concluding that an officer's failure to write a police report, even in furtherance of a conspiracy, "does not constitute an independent constitutional violation"); *Scott v. Abate*, No. CV–93–4589 (CPS), 1995 WL 591306, at *6 (E.D.N.Y. Sept. 27, 1995) ("Plaintiff[] . . . seeks redress for [the officer's] failure to write an accident report. Neither the First Amendment (as plaintiff claims) nor any other theory supports such a cause of action."); *see also Mitchell v. Las Vegas Metro. Police Dep't*, Case No.: 2:18-cv-00646-RFB-EJY, 2021 WL 808735, at *2 (D. Nev. Mar. 3, 2021) (concluding plaintiff failed to state a claim regarding allegation that police department "should be held liable for the Officers' failures to 'preserve adequate body camera footage . . .'"); *Jones v. Louisville/Jefferson Cnty. Metro Gov't*, 482 F. Supp. 3d 584, 597 (W.D. Ky. 2020) ("Plaintiffs state that none of the

twenty officer defendants who participated in the raid wore or activated a body camera. . . . They do not claim that this alone is a constitutional violation, nor could they."); *Wright v. Covarrubias*, Case No. 2:19-cv-4227-JLS (GJS), 2020 WL 2133002, at *7 (C.D. Cal. Mar. 23, 2020) (dismissing claim where "Plaintiff insist[ed] that the County's failure to require body camera equipment violate[d] Plaintiff and other victim's constitutional rights"), *R. & R. adopted by* 2020 WL 2128645 (C.D. Cal. May 4, 2020); *Graham v. Rowe*, Civ. No. 19-6757 (RMB-KMW), 2019 WL 3059801, at *4 (D.N.J. July 10, 2019) ("There is no constitutional right to be free from an arrest that is not recorded by a camera . . . ."), *appeal filed*, case no. 21-1053 (3d Cir. Jan. 12, 2021).

Nevertheless, even assuming these purported violations implicate Santos's constitutional rights, the Court cannot reach the merits of these claims because he alleges that had Defendants used body cameras, and had Defendant Coulter written a police report, "it would have showed [sic] [they] had no probable cause to conduct a [sic] illegal search." *See* Questionnaire 6–7, 11, 14, 17. Thus, these claims seek to call into question the validity of Santos's conviction. Similarly, a favorable judgment as to Santos's other remaining allegations—that Defendants Coulter, Caroland, Crockett, and Daniels conducted a search without probable cause; Defendant Welty forged the signatures of Defendants Williams and Castillo on the search warrant affidavit; Defendant Caroland unlawfully seized his phone; Defendant Welty racially profiled and harassed him; and Defendant Crockett fabricated evidence—would necessarily call into question the validity of Santos's criminal conviction.[7] Indeed, that is precisely what Santos asks the Court to do. *See* Compl. 6; Questionnaire 19.

---

[7] A racial profiling claim does not always imply that a subsequent related conviction is invalid. *Compare Agnew v. Abe Factor & Campbell*, CIVIL ACTION NO.4:17-CV-527-Y, 2019 WL 2995908, at *5 (N.D. Tex. July 9, 2019) (dismissing as *Heck*-barred racial profiling claim), *with Page v. Williams*, No. 3:02-CV-1891-D, 2002 WL 31780865, at *4 (N.D. Tex. Dec. 5, 2002) (allowing claim to proceed because the contention that plaintiff's "initial detention was the result of 'racial profiling[]' . . . does not necessarily implicate the validity of his conviction for assaulting a public servant"). Here, however, Santos alleges that Defendant Welty "illegaly [sic] searched [him] without probable cause due to his racial profiling," and does not provide any additional facts to support his racial profiling/harassment claim

11

Accordingly, *Heck* bars Santos's remaining claims against Defendants Coulter, Caroland, Crockett, Daniels, Welty, Williams, and Castillo, i.e., those for unlawful search and seizure due to an alleged lack of probable cause, forged search warrant signatures, racial profiling, and fabrication of evidence. *See, e.g., Shipman v. Sowell*, 766 F. App'x 20, 28 (5th Cir. 2019) (affirming *Heck* dismissal of claim that task force "lacked probable cause to search [appellant's] property"); *Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012) (per curiam) ("[Appellant's] arguments that his federal conviction was obtained through constitutional violations at trial, including . . . fabricated evidence . . . necessarily imply that his conviction was invalid."); *Hall v. Lorenz*, No. 02-50312, 2002 WL 31049457, at *1 (5th Cir. Aug. 30, 2002) (per curiam) (unpublished) (affirming dismissal of federal prisoner's "claims regarding his allegedly illegal arrest and illegal search and seizure" under *Heck*); *Ramirez v. Abdal-Khallaq*, CIVIL ACTION No.4:17-CV-093-Y, 2019 WL 764420, at *4 (N.D. Tex. Feb. 21, 2019) (holding that claims alleging "detectives violated [plaintiff's] rights under the Fourth Amendment by seizing evidence and falsifying records," as well as malicious prosecution, were *Heck*-barred); *Bailey v. Willis*, Civil Action No. 4:17-CV-276, 2018 WL 2126476, at *4 (E.D. Tex. May 8, 2018) (holding that claim alleging forged affidavit for search warrant was barred by *Heck*); *Gonzalez v. Neal*, CIVIL ACTION 4:15-CV-021-Y, 2016 WL 6778693, at *1–2 (N.D. Tex. Nov. 16, 2016) (dismissing as *Heck* barred claims that plaintiff was, inter alia, (1) detained and seized without probable cause, (2) stopped and detained because he is Mexican, and (3) illegally searched);

---

beyond referencing a prior incident where Defendant Welty conducted a traffic stop and subsequently searched the vehicle. *See* Questionnaire 2–3. Accordingly, the undersigned concludes that in this instance—where Santos ties the claim to an alleged lack of probable cause—the claim is *Heck*-barred. In the alternative, even if it were allowed to proceed, his conclusory claim, unsupported by accompanying facts, would nevertheless be subject to dismissal. *See Paris v. Dall. Police Dep't*, No. 3:12-CV-0296-G-BH, 2012 WL 2520779, at *5–6 (N.D. Tex. June 5, 2012) (recommending dismissal of racial profiling claim because plaintiff "failed to allege any facts to support his conclusory claim that there have been similarly-situated individuals of other races who have been treated differently when stopped and searched by these police officers"), *R. & R. adopted by* 2012 WL 2513470 (N.D. Tex. June 29, 2012).

*Vafaiyan v. City of Wichita Falls*, Civil No. 7:06–CV–140–O, 2009 WL 3029782, at *3 (N.D. Tex. Sept. 23, 2009) ("[Plaintiff's] claims of unlawful search and seizure, false arrest, racial profiling resulting in arrest and conviction, and his claim of conspiracy to convict are barred until the conditions set forth under *Heck v. Humphrey* are satisfied."); *Hamilton v. Dall. Police Dep't*, No. 3:04-CV-2191-P, 2005 WL 241192, at *3 (N.D. Tex. Jan. 31, 2005) (dismissing under 28 U.S.C. §§ 1915A and 1915(e) plaintiff's false arrest claim as barred by *Heck*), *R. & R. adopted by* 2005 WL 549946 (N.D. Tex. Mar. 8, 2005).

### III.  Recommendation

For these reasons, in accordance with 28 U.S.C. § 1915A, the undersigned recommends that the United States District Judge dismiss with prejudice Santos's claims against the Lubbock PD, Senior United States District Judge Sam R. Cummings, Attorney King, and Motel Manager Patel. Further, the undersigned recommends that Santos's remaining claims against Defendants Coulter, Caroland, Crockett, Daniels, Welty, Williams, and Castillo be dismissed with prejudice until the conditions of *Heck v. Humphrey* are met. Finally, the undersigned recommends that the District Judge dismiss with prejudice any claim for release from custody or dismissal of Santos's criminal conviction.

### IV.  Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings,

Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 25, 2021.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE